(December 20, 2011)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON BURGESS, Appellant. [934 NYS2d 411]—

The verdict was based on legally sufficient evidence. Defendant's conduct went well beyond being merely present at the scene of a robbery. The evidence supports the inference that defendant intentionally assisted his companions by intimidating and partially encircling the victim (*see e.g. People v Snow*, 303 AD2d 255 [2003], *lv denied* 99 NY2d 658 [2003]; *People v Edmonds*, 267 AD2d 19 [1999], *lv denied* 94 NY2d 862 [1999]).

The court properly denied defendant's suppression motion. Shortly after the police saw three men running, they spoke with the victim, who said in substance that he been robbed by the three men who had just run by. This provided, at least, reasonable suspicion upon which to detain defendant and his two companions when the police saw them again, still in flight, a short distance away. Given the temporal and spatial factors, it was a reasonable inference that these were the same three men whom the victim was accusing of robbery.

Defendant's challenges to the prosecutor's summation are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]). Where appropriate, the court took curative actions that were sufficient to prevent any prejudice. Concur—Gonzalez, P.J., Mazzarelli, Andrias, Sweeny and Román, JJ.